IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCES LAVEN HILL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2158-M-BD |
| | § | |
| C. WAYNE HUFF, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Frances Laven Hill, a Texas prisoner, against his former attorney, a Dallas police detective, and two local news reporters. On August 25, 2011, plaintiff tendered a complaint to the district clerk and subsequently filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on September 22, 2011. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to seek more than $2.2 million in damages from C. Wayne Huff, his former attorney, and Sergeant Ross Salverino, a Dallas police detective, in connection with murder charges brought against him in 2004. (*See* Plf. Compl., Attch. at Page ID 7; Mag. J. Interrog. #7-8). Plaintiff, who was in TDCJ custody for another offense, was arrested for the murder and brought to the Dallas County Jail, where he remained for more than a year before the case was dismissed. (*See* Mag. J. Interrog. #3). According to plaintiff, Huff provided ineffective assistance of counsel, and Salverino violated his constitutional rights and conspired with others to slander him. (*See* Mag. J. Interrog. #7-8). Plaintiff also sues two local news reporters, Tammye Nash and Todd Bensman, for defaming him in articles published in the Dallas Morning News and on the Channel 11 website. (*See* Mag. J. Interrog. #9-11).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

   (i)  is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff cannot sue his former attorney for federal civil rights violations. Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). A private citizen becomes a "state actor" only when his conduct is "fairly attributable to the State." *Dickson v. Hicks*, No. 3-10-CV-1789-G-BD, 2010 WL 4627803 at *1 (N.D. Tex. Oct. 12, 2010), *rec. adopted*, 2010 WL 4627742 (N.D. Tex. Nov. 4, 2010), *quoting Lugar v. Edmondson Oil Co.* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). When asked how his attorney, C. Wayne Huff, acted "under color of state law," plaintiff responded that Huff breached the duty of ordinary care owed to a client under the Texas Constitution by, *inter alia*, failing to suppress illegally seized evidence, failing to file pretrial motions, inadequate pretrial

preparation, failing to object to the indictment, and failing to investigate the case. (*See* Mag. J. Interrog. #7). None of this conduct is "fairly attributable to the State."[1]

C.

The claims against Sergeant Salverino for false arrest and other constitutional violations are barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). With respect to claims for false arrest or false imprisonment, limitations begins to run "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 390, 127 S.Ct. 1091, 1096, 166 L.Ed.2d 973 (2007). Here, plaintiff was released from custody on the murder charge and returned to TDCJ custody in 2005. Yet plaintiff did not file this action until August 25, 2011 -- more than *six years* later. It is clear from the face of the pleadings that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

D.

That leaves plaintiff's claims for slander and libel. Even if timely,[2] these claims are state law matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988). Because the court has dismissed all of plaintiff's

---

[1] To the extent plaintiff attempts to sue the two news reporters, Tammye Nash and Todd Bensman, for federal civil rights violations, those claims fail for the same reason.

[2] Under Texas law, claims for slander and libel are subject to a one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002).

federal claims, it should decline to exercise supplemental jurisdiction over his state claims for slander and libel, as well as any other state law claims alleged in his complaint.[3]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not clear whether plaintiff attempts to sue defendants for civil conspiracy, fraud, and perjury. (*See* Plf. Compl. at 4, ¶ V). Claims for conspiracy and fraud arise under Texas common law. *See Turner v. Pavlicek*, No. H-10-CV-0749, 2011 WL 4458757 at *10 (S.D. Tex. Sept. 22, 2011). Perjury is a criminal act that does not give rise to a civil cause of action. *See Fermin v. Conseco Direct Life Ins. Co.*, Nos. SA-98-CA-0943-NN & SA-00-CA-1063-NN, 2001 WL 685903 at *14 (W.D. Tex. May 1, 2001) (citing Texas cases).